IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE D & C LEE THIRD LIMITED PARTNERSHIP, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-00914-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

　　　　Before the Court is a Motion to Dismiss, filed March 22, 2022, by defendants The D & C Lee Third Limited Partnership, D & C Lee Management, LLC (collectively, "D & C Defendants"), and Las Lunas, Inc. ("Las Lunas"). Plaintiff Orlando Garcia ("Garcia") has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for determination on the moving papers, VACATES the hearing scheduled for April 29, 2022, and rules as follows.

　　　　In his Complaint, Garcia, who states he has "Cerebral Palsy" and "cannot walk" (see Compl. ¶ 1), alleges that, in January 2022, he visited the Los Primos Meat Market, located in San Bruno, California,[2] where he encountered "barriers" (see Compl. ¶¶ 5, 10) he describes as the lack of "accessible" sales counters, paths of travel, and door hardware (see Compl. ¶¶ 37, 39, 41). Based on said allegations, Garcia asserts a claim

---

[1] On April 4, 2022, Garcia filed a Notice of Intent to File First Amended Complaint, in which Notice he stated his intent to file an amended complaint by April 12, 2022. Garcia has not, however, filed an amended complaint.

[2] According to Garcia, Las Lunas owns the meat market, and the D & C Defendants own the land on which the meat market is located.

1    under the Americans with Disabilities Act ("ADA") and a claim under the Unruh Civil

2    Rights Act ("Unruh Act").

3        Defendants argue Garcia's ADA claim is subject to dismissal for lack of subject

4    matter jurisdiction, specifically, for lack of standing under Article III of the Constitution.

5    See Polo v. Innovations Int'l. Inc., 833 F.3d 1193, 1194, 1996 (9th Cir. 2016) (holding,

6    where district court determines plaintiff lacks Article III standing, district court lacks

7    subject matter jurisdiction and has "no power to adjudicate the matter").

8        At the pleading stage, a plaintiff must make "particularized allegations of fact

9    deemed supportive of [the] plaintiff's [Article III] standing," see Warth v. Seldin, 422 U.S.

10   490, 501 (1975), and, with regard to an ADA claim, must allege a "real and immediate

11   threat of repeated injury in the future," see Chapman v. Pier 1 Imports (U.S.) Inc., 631

12   F.3d 939, 946 (9th Cir. 2011) (noting sole relief available under ADA is injunctive relief).

13       Here, defendants offer evidence showing Garcia lives in or near Pasadena,

14   California.  (See Sahelian Decl. Ex. B (Garcia Deposition) at 98:22-99:21 (testifying to

15   planned "staycation in Pasadena")); see also Merriam-Webster Online Dictionary,

16   https://www.merriam-webster.com/dictionary/staycation (last visited April 26, 2022)

17   (defining "staycation" as "a vacation spent at home or nearby").

18       Where, as here, the place of public accommodation is "far from the plaintiff's

19   home," such plaintiff, to establish standing to assert a violation of the ADA, must

20   "demonstrate[ ] an intent to return to the geographic area where the accommodation is

21   located and a desire to visit the accommodation if it were made accessible."  See D'Lil v.

22   Best Western Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008); see also,

23   e.g., Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039, 1040 (9th Cir. 2008) (holding plaintiff

24   sufficiently alleged standing to bring ADA claim against owner of convenience store

25   located in Anaheim, California, "more than 500 miles away from his home," where he

26   alleged he planned to visit Anaheim "at least once a year on his annual trips to

27   Disneyland" and that defendant's store was "conveniently located near his favorite fast

28   food restaurant in Anaheim").

Here, Garcia fails to allege facts to support a finding that he intends to return to San Bruno, a city hundreds of miles from the Pasadena area and one not particularly known for having features that would make it a tourist destination, let alone that during any future visit to San Bruno, he would have a desire or need to purchase meat.  In the absence of such allegations, Garcia's ADA claim is subject to dismissal.

Accordingly, Garcia's ADA will be dismissed for lack of standing.  The Court will, however, afford leave to amend.  See Warth, 422 U.S. at 501 (holding, where defendant successfully challenges plaintiff's standing at pleading stage, district courts ordinarily should afford plaintiff leave to amend).

Lastly, as the ADA claim is the only claim over which Garcia asserts the Court has original jurisdiction (see Compl. ¶¶ 7-8), Garcia's Unruh Act claim is subject to dismissal as well.  See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) (holding, where court dismisses federal claim for lack of standing, court "ha[s] no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims).

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and Garcia's complaint is hereby DISMISSED for lack of subject matter jurisdiction.

Should Garcia wish to file an amended complaint for purposes of curing the above-described deficiency, he shall file it no later than May 20, 2022.

**IT IS SO ORDERED.**

Dated: April 26, 2022

MAXINE M. CHESNEY
United States District Judge