IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>THE D & C LEE THIRD LIMITED PARTNERSHIP, et al.,<br><br>    Defendants. | Case No. 22-cv-00914-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Before the Court is a Motion to Dismiss, filed June 9, 2022, by defendants The D & C Lee Third Limited Partnership, D & C Lee Management, LLC (collectively, "D & C Defendants"), and Las Lunas, Inc. ("Las Lunas"). No opposition has not been filed. Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

    In the operative complaint, the First Amended Complaint ("FAC"), plaintiff Orlando Garcia ("Garcia"), who states he has "Cerebral Palsy" and "cannot walk" (see FAC ¶ 1), alleges that, in January 2022, he visited the Los Primos Meat Market, located in San Bruno, California,[2] where he encountered "barriers" (see FAC ¶¶ 5, 10) he describes as the lack of "accessible" sales counters, paths of travel, and door hardware (see FAC ¶¶ 37, 39, 41). Based on said allegations, Garcia asserts a claim under the Americans with Disabilities Act ("ADA") and a claim under the Unruh Civil Rights Act ("Unruh Act").

---

[1] By order filed July 8, 2022, the Court took the matter under submission.

[2] According to Garcia, Las Lunas owns the meat market, and the D & C Defendants own the land on which the meat market is located. (See FAC ¶¶ 4-5.)

The same allegations as set forth above were also made in Garcia's initial complaint, which complaint the Court, by order filed April 26, 2022 ("April 26 Order"), dismissed for lack of subject matter jurisdiction. In particular, the Court found Garcia failed to allege facts sufficient to establish under Article III of the Constitution his standing to seek injunctive relief, the only relief available under the ADA, given that the initial complaint included no facts to support a finding that Garcia "intend[ed] to return to San Bruno, a city hundreds of miles from [his residence] and one not particularly known for having features that would make it a tourist destination, let alone that during any future visit to San Bruno, he would have a desire or need to purchase meat." (See April 26 Order at 3:1-4.)

In again moving to dismiss, defendants argue Garcia has failed to cure the deficiency identified by the Court in its April 26 Order, and, consequently, that the FAC, like the initial complaint, is subject to dismissal for lack of standing. As set forth below, the Court agrees.

To establish standing, a plaintiff must plead an "injury in fact" that is "actual or imminent." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In an ADA case where "the public accommodation being sued is far from the plaintiff's home," a plaintiff shows "actual or imminent injury sufficient to establish standing" where he establishes "an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008).

In that regard, the Ninth Circuit has found that a plaintiff sufficiently alleged standing to bring an ADA claim against a convenience store located in Anaheim, "more than 500 miles away from his home," where he alleged he planned to visit Anaheim "at least once a year on his annual trips to Disneyland" and that defendant's store was "conveniently located near his favorite fast food restaurant in Anaheim." See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039, 1040 (9th Cir. 2008). Similarly, the Ninth Circuit has held a plaintiff who resided in Sacramento had standing to bring an ADA claim against a

hotel in Santa Barbara, where the plaintiff established she visited Santa Barbara "approximately 1-3 times per year" for work purposes, that she had "three upcoming trips that she was planning to the Santa Barbara area," and that she preferred to stay at defendant's hotel due to "[its] proximity to downtown, its accessibility from the freeway, and its amenities, including lush gardening and fresh country linen quilts." See D'Lil, 538 F.3d at 1037-38; see also Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1135, 1138 (9th Cir. 2002) (holding plaintiff, who was "regular customer" of "Holiday" grocery store in his home town, had standing to bring ADA claim against another "Holiday" grocery store located 70 miles away in town where his grandmother, whom he frequently visited, resided and which store he stated he would patronize if accessible, as "Holiday" was his "favorite grocery store chain").

Garcia alleges no facts at all similar to those in the above-cited cases. In his initial complaint, Garcia, as noted, failed to allege any facts to support a finding he intended to travel hundreds of miles to return to San Bruno, and that, if he did so, he would have any desire or need to purchase meat. In his FAC, Garcia has added no facts as to his interest in visiting San Bruno generally or any particularized interest he may have in meat products sold in said city, i.e., facts that arguably might give rise to an inference that he intends to return to the Los Primos Meat Market.

Instead, Garcia has added the following allegations: "Plaintiff is an ADA tester and understands that to maintain standing, he must return to the facility. Therefore, he will." (See FAC ¶ 32.) A plaintiff's mere "profession of an intent to return" to a place he has visited in the past, however, is insufficient to establish standing, as "[s]uch 'some day' intentions – without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the actual or imminent injury that [Supreme Court] cases require." See Lujan, 504 U.S. at 564 (emphasis in original); see also id. at 564 n.2 (finding "imminent" injury not shown by "mere profession of an intent, some day, to return"); Strojnik v. Lonesome Valley Hospitality LLC, 2020 WL 7041347, at *3 (D. Ariz. December 1, 2020) (holding plaintiff's allegation he "intend[ed] to return to

[defendant's premises] periodically to test them for ADA compliance" was "conclusory statement" insufficient to support finding plaintiff would "suffer imminent injury" necessary to establish standing to seek injunctive relief); see also Warth v. Seldin, 422 U.S. 490, 501 (1975) (holding plaintiff must make "particularized allegations of fact deemed supportive of [the] plaintiff's [Article III] standing").  Moreover, during the past 16 months, Garcia has filed over 350 ADA complaints in this district,[3] and he fails to allege in the instant case any facts that would indicate how, as a practical matter, he could, within the foreseeable future, return to such a large number of places of accommodation, all of which are located at a considerable distance from his residence.

Accordingly, given Garcia's failure to allege facts sufficient to establish his standing to seek injunctive relief, his ADA claim is subject to dismissal for lack of subject matter jurisdiction.  See Polo v. Innovations Int'l. Inc., 833 F.3d 1193, 1194, 1996 (9th Cir. 2016) (holding, where district court determines plaintiff lacks Article III standing, district court lacks subject matter jurisdiction and has "no power to adjudicate the matter").

Lastly, as the ADA claim is the only claim over which Garcia asserts the Court has original jurisdiction (see FAC ¶¶ 7-8), Garcia's Unruh Act claim is subject to dismissal as well.  See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) (holding, where court dismisses federal claim for lack of standing, court "ha[s] no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and the FAC is hereby DISMISSED for lack of subject matter jurisdiction, without further leave to amend.

**IT IS SO ORDERED.**

Dated: July 27, 2022

MAXINE M. CHESNEY
United States District Judge

---

[3] The Court takes judicial notice of the docket of the Northern District of California.